AMOS B. WELLMAN *versus* EDWARD R. SOUTHARD & al.

In a suit upon a *joint* note, made by the defendants, *in their individual capacities*, prior to the Revised Statutes, the right of one of the defendants to rely upon the statute of limitations is not impaired by any payment or written acknowledgment made by the other since the Revised Statutes, though within six years before the suit.

Neither will the statute bar be any the less applicable, though in fact the makers of such note, at the time of its date, were *copartners* in business, and it was given for a copartnership debt.

Neither will the statute bar be dislodged by proof, that the defendant, within the last six years included the note in an unsigned schedule of his indebtednesses, made by himself for his own use.

While E. & S. were copartners, they gave a joint note in their *individual capacities*, for a partnership debt. E. sold all his interest in the concern to N. who was to pay E's half of the debts. Within the last six years, S. notified N. that the note now in suit was justly due, and N. consented that it should be paid, and S. afterwards collected sufficient of the company claims to pay the note and all other company debts. *Held*, these facts did not remove the bar created by the statute of limitations.

EXCEPTIONS from the District Court, ALLEN, J. The action was upon a joint and several note, dated June 15, 1836, on demand. The writ, dated Sept. 19, 1846, also contained a count for services, and for money had and received. The only defence to the suit was the statute of limitations. Emerson was defaulted.

To avoid the operation of the statute, the plaintiff showed an indorsement upon the back of the note made by Emerson, one of the defendants, as follows: — " Nov. 10, 1843. Received fifty-nine dollars and two cents, in part of the within note, and I acknowledge the note to be justly due from said Southard and myself. M. Emerson."

It also appeared, that the defendants were partners in building mills before the note was given, and that the plaintiff worked for them, and for this the note was given; that in August, 1836, one Newhall bought out Emerson's interest in the company business, and that in the winter of 1842, *Southard*, in an attempt to settle with *Newhall*, made out his bill of items, among which was included the note in suit, as an outstanding debt.

*Newhall* expressed a willingness to have the debts canceled, and authorized *Southard* to settle the whole mill business, and he was to account to Newhall for one half of the surplus.

In the fall of 1842, the business was closed up, and money to the amount of eight or nine thousand dollars paid into *Southard's* hands.

The plaintiff desired the Court to instruct the jury: —

1. That the agreement between Southard and Newhall was sufficient to prevent the operation of the statute of limitations.

2. That the receipt of funds by Southard to pay all the company debts, at any time within six years prior to the date of plaintiff's writ, would make the defendants liable under the money count.

3. That the payment by Emerson, as one of two joint promisors and his acknowledgment of the debt, made a new promise, sufficient to take the demand out of the statute as to both.

4. That the note, being given before the passage of the Revised Statutes, cannot be affected by them.

The jury returned a verdict for defendant.

*Wilson*, for plaintiff.

The Revised Statutes could not affect this note, for it was given before they were enacted. They could only apply to subsequent contracts.

This was not a case of a new contract, but the reviving or continuing an existing one.

The act or declaration of one of two or more promisors, binds the whole. 23 Maine, 413 ; 2 Doug. 652; 14 Pick. 387 ; 21 Maine, 433 ; 22 Maine, 499.

*Washburn*, for defendant.

Tenney, J. — By the terms of the note, more than six years intervened between the time, when the makers were liable to pay, and the commencement of this suit. Consequently the statute of limitations will apply unless the case is taken out of its operation by other proof than that afforded by the note itself.

One ground relied upon by the plaintiff at the trial, was, that by the residence of Southard beyond the limits of the State, the running of the statute was suspended for such a length of time, that his residence in the State after the note was given and before the suit, was less than six years. Rev. Stat. chap. 146, sect. 28. Under instructions which were unobjectionable, the jury found otherwise.

The plaintiff relied upon the renewal of the promise, which he contends was effectual, by part payment of the note by Emerson, one of the makers, on November 10, 1843, and an acknowledgment signed by him at the same time, that the note was "justly due from him and Southard." Although the makers of the note may have been partners in the business, wherein the plaintiff performed the service, for which the note was given, the note was not given by the firm, but by the individual members thereof in their private capacity, and as such they are sued in this action. The partial payment and acknowledgment of indebtedness therefore, cannot have the effect that it might have had, if it was a debt of the firm. Neither the payment nor the acknowledgment made by Emerson, can prevent the effect of the statute in favor of Southard, as is expressly provided in Rev. Stat. chap. 146, sections 20 and 24. The note is not excluded from the operation of these provisions, by being made before they were enacted. By the fair interpretation of the statute, it was designed to affect contracts then in existence, equally with those, which might be subsequently made. This modification has reference to the remedy and not to the right, and is free from objection.

It is insisted that the facts stated by Newhall in his deposi-

tion are sufficient for the maintenance of the action, on the count for money had and received, notwithstanding the reliance in defence, upon the statute of limitations.

If a sum of money is deposited by a debtor with a party, who has no title thereto, for the purpose of being passed to the creditor, and it is not paid according to direction, after demand by the creditor, he may maintain a suit therefor. But the facts stated by Newhall, are unlike those supposed. The makers of the note are Southard and Emerson. Newhall took the place of Emerson in the business, the liabilities, and benefits of the firm. The expression by Newhall, in 1842, of a willingness to pay Emerson's portion of this debt, when informed by Southard, that it was due from him and Emerson, and afterwards giving Southard the power to collect the debts due the firm, and the receipt by Southard of a large amount of those debts, could not be a new promise such as is required by the statute to have been made by Southard to prevent the effect of the statute ; and was not such a transaction as would enable the plaintiff to commence a suit thereon. It was an arrangement between Southard and Newhall, which could in no manner modify or affect the liability of the makers of the note.

The schedule of outstanding indebtedness made by Southard, in which was embraced this note, was not signed by Southard, and if it had been, was not such as the plaintiff could appropriate to himself, in order to avoid the statute.

The instructions given by the Judge were not legally erroneous ; and the instructions requested in behalf of the plaintiff and not given, were properly withheld.

*Exceptions overruled.*